W. T. HITTSON v. THE STATE.

No. 19426. Delivered March 16, 1938.

The opinion states the case.

*Frank Sparks,* of Eastland, and *Jas. C. Mahan,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows:
"On or about the 21st day of November, A. D. 1934, and anterior to the presentment of this indictment, in the county and State aforesaid, W. T. Hittson did then and there unlawfully drive and operate a motor vehicle upon a public highway situated within said county and State, while he, the said W. T. Hittson, was then and there under the influence of spirituous, vinous and malt intoxicating liquor, and he, the said W. T. Hittson, while then and there so driving and operating said motor vehicle, did then and there, through accident and mistake, kill R. L. Simms by then and there driving and operating said motor vehicle onto, against, and upon the person of the said R. L. Simms, thereby bruising and injuring the body of him, the said R. L. Simms, and thereby causing injuries to the body of him, the said R. L. Simms, of which said injuries the said R. L. Simms then and there died."

The time of the accident was not definitely fixed. The State introduced only two witnesses in an effort to show that appellant was intoxicated at the time the deceased was killed. One of said witnesses testified on direct examination that he saw appellant at his filling station prior to the time the body of deceased was found, and that he "didn't look to me like he was normal." He said: "He appeared to me that he had been drinking." On cross-examination the witness testified as follows: "Well, his walk was normal. I didn't see him take a drink of anything. I didn't smell any whisky around him. I wouldn't say he had been drinking." The other witness testified on direct examination that he would say "that the defendant had been drinking." On cross-examination he said: "I didn't see the defendant drink any liquor. I didn't smell any liquor. I don't believe I could prove the defendant had been drinking any liquor." It was incumbent upon the State to prove beyond a reasonable doubt that appellant was under the influence of intoxicating liquor when he drove his car against the deceased. We are of opinion that the testimony on this point was not sufficient.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.